Todd Blanche
Acting Attorney General
Brandon L. Pang
Assistant United States Attorney
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 713-8450

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID MENDOZA AYALA,<br><br>Defendant. | Case No.: 4:24-CR-06011-MKD<br><br>UNITED STATES' TRIAL MEMORANDUM |

Plaintiff, United States of America, by and through Brandon L. Pang, Assistant United States Attorney, hereby submits the following Trial Memorandum in the above referenced case.

This trial memorandum is not intended to be an exhaustive recitation of the United States' evidence. Rather, it is a summary of the general nature of the United States' case-in-chief, and potential evidentiary issues.

## GENERAL FACTUAL BACKGROUND

The Defendant in this case has been a long-standing target of the DEA-Tri-Cities. He was suspected of being a large-scale drug distributor for many years. For purposes of trial, the United States anticipates presenting evidence beginning in December 2023, when law enforcement obtained information about the Defendant's current residence, the numerous vehicles Defendant had access to, as well as Defendant's involvement in drug trafficking. Based on that information

United States' Trial Memorandum– 1

DEA independently corroborated the identity of Defendant, identifying his precise residence (and garage units), pattern of life, vehicles –all through numerous surveillance operations. The investigation also looked into records associated with the Defendant's residence, and the specific reasons that led investigators to believe Defendant was utilizing a "straw renter". DEA conducted three garbage pulls that were conducted throughout the month of February 2024, of trash bags that they had associated with the Defendant and/or the residence. Each trash pull resulted in the recovery of varying levels of drug distribution evidence. Surveillance operations conducted from January through April, revealed a highly suspicious pattern of life by Defendant, and were indicative of illicit conduct being conducted in the Defendant's residence and garage units.

The search warrant for the Defendant's residence and garage units was approved on April 22, 2024. The warrants were executed on April 24, 2023, by the DEA, DEA SWAT team, and the Tri-Cities Metro Drug Task Force.  The Defendant was located inside the residence and placed under arrest. An adult female and two young children were also located inside. Large amounts of controlled substances, primarily fentanyl, firearms, and US currency were located throughout the residence and garage units.

During the search of the residence and garage units, agents located a receipt for 4 storage units in Pasco. Investigators obtained search warrants for those storage units as well. Investigators obtained search warrants for seven vehicles that were associated with Defendant. During execution of those warrants, additional controlled substances and firearms were located.

Additionally, as a result of the search warrants, multiple cell phones were located. A review of those cell phones located multiple text messages wherein drug trafficking was discussed. Specifically, messages discussed different quantities of

United States' Trial Memorandum– 2

cash on hand, drugs on hand, locations for meeting, and quantities of drugs being requested.

All told, approximately 25 different drug exhibits were submitted to the DEA Lab for chemical analysis. Testing revealed that the total amount of fentanyl consisted of nearly 90,000 pills, weighing approximately 9.6 kilograms, excluding packaging. Testing also revealed approximately 118 grams of cocaine, and approximately 182 grams of pure methamphetamine.

### CHARGES, ELEMENTS AND APPLICABLE LAW

Defendant is charged in the indictment with Possession with Intent to Distribute 400 Grams or More of Fentanyl, stemming from the fentanyl seized from his apartment, garage units, and vehicles on April 24, 2024. The elements for this offense are:

*First*, on or about April 24, 2024, David Mendoza Ayala knowingly possessed any controlled substance;

*Second*, David Mendoza Ayala possessed it with the intent to distribute it to another person; and

*Third*, (as articulated on the verdict form), the fentanyl possessed weighed more than 400 grams.

As the Ninth Circuit Model Jury Instruction makes clear, in order to obtain a conviction for this offense, the United States does not have to prove a specific quantity of a specific drug, only that a *detectable* amount of a federally controlled substance was present.  *See* 9th Cir. Model Instruction 12.1 and 12.2 (2022). Rather, the type of federally controlled drug and quantity of said drug is a *sentencing enhancement* that needs to be pled and proved to the petit jury pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  Hence, the type and quantity of drug it *is not an element* of the offense, it is an enhancement addressed in a special verdict form.  *See United States v. Ameline,* 409 F.3d 1073 (9th Cir. 2005) (en

United States' Trial Memorandum– 3

banc).  Also, it does not matter if there is any financial interest in the transaction. *See id.*

The United States intends to meet these elements with witness testimony, surveillance images, search warrant images, text messages/cell phone records, business records, and expert witness testimony reference the type of drug and quantity.

## WINTESSES

### Experts

The United States previously filed a Notice of Intent regarding Expert Testimony of approximately eight witnesses, all of whom are Forensic Chemist with the DEA. The United States remains open to stipulating as to the test results of the respective chemists previously identified. Absent such a stipulation, the United States intends to have each of the Forensic Chemists testify. Updated CVs for each witness have been obtained and provided to counsel.

Of note, the United States previously advised that DEA Forensic Chemist Tari Holm, who tested DEA Exhibits 3 and 4, would be called to testify. In preparing for trial, the undersigned counsel was advised that Ms. Holm no longer worked for the DEA Laboratory. It is anticipated that another Forensic Chemist who has already been identified in the applicable Notice of Intent, will conduct their own testing of DEA Exhibits 3 and 4. Results of such testing will be provided to counsel as soon as received.

### Law Enforcement

The United States has provided in discovery reports noting each law enforcement witness's participation in this case and has conducted *Henthorn* reviews on all anticipated testifying law enforcement officers.  To date United States has not received any *Henthorn/Giglio* material on the proposed law

United States' Trial Memorandum– 4

enforcement and expert witnesses.  If there are any matters with respect to these witnesses, the United States anticipates presenting materials for *in camera* review.

### Records Custodians

The United States intends to call several records custodians, to include representatives from Franklin County Public Utilities District; Washington State Employment Security Department; Purely Storage – Pasco; and Vicinity at Horn Rapids Apartments.

### Cooperating Defendants

The United States does not anticipate calling any cooperating defendants to testify in this case.

## PHYSICAL EVIDENCE

### Photographs, Documents, Physical Items

The United States intends to admit photographs, records/documents, and physical evidence seized pursuant to the search warrants in this investigation.

### Controlled Substances and Firearms

The United States intends to admit the fentanyl-laced pills, cocaine, methamphetamine, and firearms seized in this case.  The United States intends to admit the actual drug exhibits, as well as elicit testimony and show photographs from those seizures for context in support of the charged offense.  The United States has provided laboratory reports and notice of expert testimony relevant the controlled substances it intends to introduce as exhibits.  The United States will also introduce as evidence the firearms seized from Defendant's residence, garage units, and vehicles.

Of note, the controlled substances will be rendered safe via double heat-sealed evidence bags.  At no point during any anticipated testimony would it be necessary to cut open the bags.  The controlled substances will only be brought to the courtroom on the day those drugs are to be admitted, absent defense request for

United States' Trial Memorandum– 5

the drugs.  Upon their admission, the United States anticipates publishing the physical drug exhibits to the jury by holding them up and walking past the jury box, not providing them directly to the jury.  The firearms will all be rendered safe and will only be brought into the courtroom when needed for testimony.

As has been the typical practice, the United States submits the physical drug exhibits and firearms not go back to the jury room for deliberations, absent the jury requesting such items.  In that case, an agent, or courtroom representative could bring those items into the jury room for inspection.

**Audio/Visual Evidence**

The United States intends to introduce several recordings. These consist of surveillance footage leading up to the search warrants on April 24, 2025, and also videos taken at the time of executing said search warrants.

Dated: July 13th, 2026

Todd Blanche
Acting Attorney General

*s/ Brandon L. Pang*
Brandon L. Pang
Assistant United States Attorney

United States' Trial Memorandum– 6

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.

s/ Brandon L. Pang
Brandon L. Pang
Assistant United States Attorney

Certificate of Service – 1